Renato Gatmaitan **PELEO**; Fe de la Rosa Peleo, Petitioners,

v.

Alberto R. **GONZALES**,[*] Attorney General, Respondent.

No. 04–71164.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.[**]

Decided June 23, 2005.

---

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Renato Gatmaitan Peleo, Ontario, CA, pro se.

Fe De La Rosa Peleo, Ontario, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM ***

Renato Gatmaitan Peleo and his wife Fe de la Rosa Peleo, natives and citizens of the Philippines, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings. To the extent we have jurisdiction, it is conferred under 8 U.S.C. § 1105a. We review for abuse of discretion the BIA's denial of a motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the Peleos' claim that the BIA should have exercised its *sua sponte* power to reopen their case. *See Ekimian v. INS*, 303 F.3d 1153, 1158 (9th Cir.2002).

■ We lack jurisdiction over the Peleos' ineffective assistance of counsel claim because they did not exhaust their administrative remedies by first raising it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (exhaustion is jurisdictional); *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (petitioner must exhaust administrative remedies by presenting ineffective assistance of counsel claim to the BIA).

The BIA did not abuse its discretion in denying the Peleos' second motion to reopen because the motion was numerically barred, *see* 8 C.F.R. § 1003.2(c)(2), and because the petitioners failed to depart during their voluntary departure period, *see* 8 U.S.C. § 1229c(d), and did not demonstrate that their failure to do so was due to exceptional circumstances, *see* INA § 242B(e)(2)(A); 8 U.S.C. § 1252b(e)(2)(A) (repealed). Accordingly, the BIA's refusal to reopen the Peleos' deportation proceedings was not arbitrary, irrational or contrary to law. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.